STATE OF MONTANA ex rel. DEPARTMENT OF PUBLIC SERVICE REGULATION, ex officio Public Service Commission of the State of Montana, Relator, *v.* The DISTRICT COURT of the FIRST JUDICIAL DISTRICT of the State of Montana, in and for the COUNTY OF LEWIS AND CLARK, and JOHN B. McCLERNAN, District Judge, Defendants.

No. 12137.
Submitted September 22, 1971.
Decided September 23, 1971.
488 P.2d 1147.

William E. O'Leary, and David L. Astle, argued, Helena, for relator.

William Dee Morris, and Donald E. Gottwig, argued, Helena, for defendants.

Chadwick H. Smith, Thomas Ashton, III, Helena, appeared, amicus curiae.

PER CURIAM:

On September 16, 1971, the district court of Lewis and Clark County in cause No. 35200 of that court, issued a Writ of Prohibition prohibiting the state Public Service Commission from holding rate hearings on the application of Montana Power Company for increases in electric and natural gas utility rates. The basis of the district court's order was that "the hearings contemplated by the Commission would be in violation of President Nixon's Price Freeze Order".

On the same day this Court, pursuant to application for supervisory control by the state Public Service Commission, accepted jurisdiction to review the legality of the district court's order and set the matter for adversary hearing on September 22 by its Order to Show Cause.

Said adversary hearing having now been held and the matter now having been submitted to this Court for decision.

It is ordered, adjudged, and decreed that the Writ of Prohibition dated September 16, 1971, issued by the district court of Lewis and Clark County in cause No. 35200 of that court is hereby annulled, vacated, and set aside.

While it is both clear and admitted that no utility rate increase can become effective during the continuance of Executive Order No. 11615, issued pursuant to Public Law 91-379, nothing contained therein prohibits the holding of hearings by state regulatory agencies. A specific ruling to that effect has been communicated to one of the Commissioners dated August 31, 1971, from the Executive Office of the President, Office of Emergency Preparedness, under the signature of Elmer F. Bennett, General Counsel, as follows:

"In response to your telegram of August 19, 1971, you are

advised that State and Federal agencies are permitted to continue to perform their regulatory functions during the wage-price freeze, including initiation of hearings regarding proposed rate increases.

"Such agencies may not, however, allow price increases to become effective during the freeze or provide that increases to become effective after the freeze may apply retroactively to the freeze period."

Jurisdiction to hold such hearings being vested in the state Public Service Commission by statute, section 70-119, R.C.M.1947, et seq., and there being no prohibition against holding such hearings in the President's Price Freeze Order, the Public Service Commission possesses jurisdiction to hold such hearings and other investigatory procedures as scheduled. A writ of prohibition being available only to prevent an agency from acting in excess of its jurisdiction, section 93-9201, R.C.M.1947, the Writ of Prohibition of the district court was improperly issued and is accordingly annulled, vacated and set aside.